**2016 UT App 251**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
JAIME A. HERNANDEZ,
Appellant.

Memorandum Decision
No. 20150584-CA
Filed December 30, 2016

Third District Court, Salt Lake Department
The Honorable Paul B. Parker
No. 151901362

Teresa L. Welch and Maren E. Larson, Attorneys
for Appellant

Sean D. Reyes and William M. Hains, Attorneys
for Appellee

JUDGE KATE A. TOOMEY authored this Memorandum Decision, in
which JUDGES MICHELE M. CHRISTIANSEN and JILL M. POHLMAN
concurred.

TOOMEY, Judge:

¶1     Defendant Jaime A. Hernandez pleaded guilty to four
third-degree felonies, and the district court sentenced him to
prison. Hernandez challenges this sentence, arguing that the
court abused its discretion by sentencing him to prison rather
than granting him probation. We affirm.

¶2     One morning in January 2015, police officers located a
stolen vehicle in a gas station parking lot. The officers saw
Hernandez enter the stolen vehicle and attempted to box him in
using their police cars. Using the stolen car "as a weapon,"
Hernandez repeatedly rammed it into four police cars and a

private vehicle. Hernandez managed to break though the barricade and escape.

¶3     The officers pursued Hernandez as he fled the scene in the stolen car. Hernandez eluded the police, avoiding tire spikes and traveling at speeds up to one hundred miles per hour. During the chase, Hernandez struck another police vehicle, sending it off the road. Hernandez then left the stolen vehicle and continued his flight on foot, refusing to stop at an officer's command. Officers later found Hernandez hiding on a roof and apprehended him. They searched Hernandez and found marijuana and methamphetamine. At the time of the incident, Hernandez was on probation for another crime.

¶4     Hernandez was charged with eight felonies and two misdemeanors. He ultimately pleaded guilty to four third-degree felonies: attempted theft by receiving stolen property, possession of a controlled substance, aggravated assault, and failure to respond to an officer's signal to stop.

¶5     Adult Probation and Parole (AP&P) prepared a presentence investigation report (PSI) recommending that the court impose a prison sentence. The report considered Hernandez's prior criminal activity, his re-offense after completing a drug-treatment program, and his prior unsuccessful probations. The report also observed Hernandez's remorse, positive attitude, his family support, and his desire to complete a residential substance-abuse program. But because of the violent nature of Hernandez's past and present offenses and his continued drug use, AP&P concluded Hernandez was not an appropriate candidate for probation.

¶6     At the sentencing hearing, Hernandez reaffirmed his desire to be placed on probation, to participate in a residential substance-abuse program, and to reform his life. The court considered Hernandez's request but explained that Hernandez had already been granted probation and placement in a

substance-abuse program just one year prior. Because Hernandez had been involved in so many offenses, particularly drug offenses, the court believed Hernandez had made choices sufficient to require the court to deny his request. It sentenced Hernandez to zero to five years imprisonment on each count. The sentences were to run concurrently with each other but consecutively to the sentence for which Hernandez was on probation. Hernandez appeals.

¶7     Hernandez contends the sentencing court abused its discretion because it failed to "adequately consider his character, attitude and rehabilitative needs before denying him the opportunity for a non-prison sentence." According to Hernandez, the court overlooked his rehabilitative needs, amenability to treatment, and readiness to complete probation, which he claims justify a reversal of his sentence. We disagree.

¶8     We review sentencing decisions for an abuse of discretion. *State v. Valdovinos*, 2003 UT App 432, ¶ 14, 82 P.3d 1167. "An abuse of discretion results when the judge fails to consider all legally relevant factors or if the sentence imposed is clearly excessive." *Id.* (citation and internal quotation marks omitted). "An appellate court may only find abuse if it can be said that no reasonable [person] would take the view adopted by the trial court." *Id.* (alteration in original) (citation and internal quotation marks omitted).

¶9     "The decision whether to grant probation is within the complete discretion of the trial court." *State v. Rhodes*, 818 P.2d 1048, 1049 (Utah Ct. App. 1991) (citing *State v. Sibert*, 310 P.2d 388, 393 (Utah 1957)). When determining whether to grant probation, the sentencing court considers the "intangibles of character, personality and attitude" "in connection with the prior record of the accused." *Id.* (citation and internal quotation marks omitted). "A defendant is not entitled to probation, but rather the [trial] court is empowered to place the defendant on probation if it thinks that will best serve the ends of justice and is

compatible with the public interest." *Valdovinos*, 2003 UT App 432, ¶ 23 (alteration in original) (citation and internal quotation marks omitted). A sentence will be overturned only when it is "clear that the actions of the judge were so *inherently unfair* as to constitute an abuse of discretion." *Id.* (emphasis in original) (citation and internal quotation marks omitted).

¶10   The record demonstrates that in denying Hernandez probation, the sentencing court considered the intangible factors favoring probation in connection with the competing factors favoring imprisonment. The PSI indicated that Hernandez had family support, that he felt remorse for his crime, and that he had a positive attitude towards making necessary changes in his life. But it also described his continuing drug addiction and his participation in substance-abuse treatment in the past. At the sentencing hearing, Hernandez reaffirmed his desire to change his life and participate in a residential substance-abuse program, and he expressed how he had taken advantage of substance-abuse resources while in custody. But the PSI also recounted Hernandez's long criminal history and multiple additional offenses while on probation. Moreover, Hernandez's conduct was violent, putting several officers' lives at risk, as well as the safety of the public. The sentencing court also mentioned that many of Hernandez's crimes involved drugs or firearms. The court was privy to all of this information, and there is no indication that it failed to consider any relevant factor or that it considered any improper factor in making its decision. *See State v. Helms*, 2002 UT 12, ¶ 11, 40 P.3d 626 (stating that "we will not assume that the trial court's silence, by itself, presupposes that the court did not consider the proper factors as required by law" unless "an ambiguity of facts makes the assumption unreasonable," a statute requires written findings, or "a prior case states that findings on an issue must be made"). Accordingly, we cannot agree that no reasonable person would have taken the view of the sentencing court. *See Valdovinos*, 2003 UT App 432, ¶ 14.

¶11    Given the violent nature of Hernandez's crimes and the risk of injury involved, as well as Hernandez's history of criminal activity while on probation, the court's decision to sentence him to prison was not "so inherently unfair as to constitute an abuse of discretion." *See id.* ¶ 23 (emphasis omitted). Thus, the sentencing court did not abuse its discretion and we affirm.

———————